No. £605.

### T. J. HICKS ET AL v. E. J. OLIVER, ADMINISTRATRIX.

1. BOND—ESTATES OF DECEDENTS.—An appeal bond executed on appeal from the county to the district court, to correct an error claimed to exist in the order of the county court, pertaining to the administration of an estate, is sufficient, if in other respects formal, when it identifies the order appealed from.
2. SAME.—An appeal bond executed on appeal from an order of the county court in a matter relating to the estate of a decedent, is not invalid because it fixes a specific sum to be recovered if the appellant fails to prosecute his appeal to effect. If insufficient in amount that fact may constitute cause for an order requiring a new bond. The act of 1848 required that on such appeals the amount of the bond should be fixed by the chief justice. That requirement is omitted in the existing law.

APPEAL from Rusk. Tried below before the Hon. J. S. Hazelwood.

*Drury Field*, for appellants: The appeal bond of appellants was good in law to support their appeal from the county court to the district court.

Appellants gave an appeal bond in the sum of twenty-five hundred dollars, in legal form, conditioned as required by law.

*W. J. Graham* and *Martin Casey*, for appellee: 1. There can be no recovery on a bond above the amount of the penalty. (Strang v. Holmes, 7 Cowan, 228.)

2. No one can be bound beyond the limit of his obligation; as one binds himself, so shall he be bound. (Hirams v. Coit, Dal. Dig., 450.)

The laws of Texas recognize bonds and obligations without fixing or prescribing any amount as a penalty, but requiring that the obligors shall do certain things therein mentioned, where there is no standard by which the damages to be recovered can be ascertained. Of such obligations the following are cited : cost bonds; a bond to obtain a distress warrant for rent or supplies, which is as follows: "And the person applying for such warrant shall execute a bond with two or more good and sufficient securities to be approved by the justice of the peace, payable to the defendant, conditioned that the plaintiff will

pay the defendant such damages as he may sustain in case such warrant has been illegally and unjustly sued out." (R. S., art. 3113.) In Paschal's Digest, article 5034, the form of the obligation is as follows: "We, or either of us, promise to pay defendant in this suit such damages as he may sustain in case the distress warrant in this case has been illegally and unjustly sued out."

The appellee is entitled, when his judgment is appealed from, to be secured by a bond which conforms substantially to the requirements of the statute, and which is consequently not liable to defenses of any character when it is sought to be enforced. (Janes v. Langham, 29 Texas, 418.) And to add a provision to a statute is legislating which is beyond the jurisdiction and province of this court. It is not the province of this court to improve, polish or refine the laws, but simply to expound them as they are. (Read v. Levy, 30 Texas, 738.)

Any instrument in writing which legally binds a party to do a certain thing, may be called a bond. (Courand v. Volmer, 31 Texas, 401.) The word bond, by the laws of Texas, means obligation; and obligation is the binding power of any contract or agreement. (Cayce v. Curtis, Dal. Dig., 404.)

An independent suit may be brought upon an appeal bond, which should be such a one conditioned as is required by law, where no amount of money is prescribed as a penalty, and its undertaking should be broad enough to entitle the appellee to recover damages co-extensive with those caused by the appeal. (Trent v. Rhomberg, 66 Texas, 251.)

GAINES, ASSOCIATE JUSTICE. This is an appeal from a judgment of the district court of Rusk county, dismissing an appeal from the county court. The appellee, Mrs. E. J. Oliver, as administratrix, with the will annexed of the estate of R. W. Oliver, deceased, filed an application in the latter court (in which the estate was being administered) for an order to sell a certain brick store house and lot belonging to the estate. Appellants, as devisees under the will of the testator, resisted the application. The order was granted, and they gave notice of appeal to the district court. At the same term another order was granted, making an allowance to the administratrix, who was the widow of the deceased, in lieu of exempt property. The granting of this order was also resisted by appellants, and notice of appeal was given. The

appellants, in order to perfect their appeal, gave bond in the sum of twenty-five hundred dollars, conditioned as the law directs. The motion to dismiss the appeal was based upon alleged defects in the bond. The first ground of objection to the bond was that it did not describe the judgment. This ground is not noticed in the brief of counsel, and it may be presumed that the court did not deem it sufficient. If, however, this objection were well taken, the judgment dismissing the appeal would have to stand. But we are of opinion that the bond is sufficient to identify the order appealed from, and that further particularity was not required. The bond shows that the first order intended to be reviewed was an order for the sale of a brick store house and lot, and we think no further description of the property was necessary.

The other ground of objection to the bond was that the obligors bound themselves in a fixed sum, namely, two thousand five hundred dollars. The counsel for appellee insist in their brief that because the statute does not provide that the bond shall be given in any sum to be fixed either by the amount or value of the subject matter of the controversy, or the probable amount of the costs, or by any officer, an obligation for a stated sum, is not contemplated by the statute, and is therefore void. But we think the proposition can not be maintained. It is true, as argued, that the word "bond" used in the statute does not necessarily imply that it shall be given for a penal sum conditioned for the performance of the obligation intended to be secured; but it is also true, that in our statutes, as a general rule, wherever a bond is required, such an obligation is meant. The act of 1848, in prescribing the bond for appeal from the county to the district courts, in matters relating to estates of deceased persons, required that the amount should be fixed by chief justice. (Pas. Dig., art. 1384.) The omission of a similar requirement in the existing statute is significant. (1 Sayles' An. Rev. Stat., art. 2201.)

It admits of the construction that it may have been intended that no sum should be named, so as to avoid the danger of an insufficient security by reason of an insufficient amount being fixed. But it also may have been considered that if the judge whose decision was sought to be reviewed was authorized to name the amount of the bond, there was danger that it would be fixed at a sum onerous to the party seeking the appeal. It is reasonable, therefore, to presume

that the change was made in the interest of parties appealing, and not of appellees, and that its object was not to prohibit a bond in a fixed sum beyond which the obligors would not be bound. This consideration is supported by the fact that where the review of the proceedings of the county court in estate matters is sought by certiorari, the district judge who grants the writ is required to fix the amount of the supersedeas bond. (Sayles's An. Rev. Stat., art. 293.) But the article under consideration says the appellant shall "file with the clerk a bond with two or more sufficient sureties, payable to the county judge, to be approved by the clerk, conditioned, that the appellant will prosecute his appeal to effect," etc. The word "payable" indicates that a sum should be named to be paid, as the word "conditioned" indicates that there was to be an obligation to pay a specified sum which was to be defeated on condition that the appellant performed the obligation the statute was intended to secure.

It follows that in our opinion the court erred in dismissing the appeal. It may be, that when a bond is given in a sum which should appear to the district judge to be insufficient, he should, upon motion, under the rule of practice in like cases, require the appellant to give a new bond, and upon a failure to comply with the requirement he should dismiss the appeal. But we see no reason to doubt the sufficiency of the amount of the bond in this case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 20, 1888.