### MAX MUNZESHEIMER v. MARY A. WICKHAM.

#### No. 2851.

**Bond—Appeal.**—A bond executed to perfect an appeal to the District Court from an order removing an administrator is invalid when it does not bind the parties to it to pay to the chief justice any specific sum, conditioned as the statute directs, or bind the parties thereto to pay such sum as might be necessary to satisfy the judgment, decision, order, or decree to be rendered in the appellate tribunal.

APPEAL from Cass.   Tried below before Hon. John L. Sheppard The opinion states the case.

*Talbot & Turner*, for appellant.—The appeal bond was sufficient and in every respect strictly complied with the law.   Rev. Stats., art. 2201; Hicks v. Oliver, 71 Texas, 776.

*O'Neal & Son*, for appellee.—An appeal bond from the County Court in probate matters to the District Court, to be sufficient, must be made payable to the county judge, etc.   Rev. Stats., art. 2201.

STAYTON, CHIEF JUSTICE.—Appellant having been appointed administrator of the estate of W. J. Wickham was removed on application of appellee, who was the widow of the intestate, and she appointed in his place.

Appellant gave notice of appeal to the District Court, and to perfect his appeal executed a bond, which after the requisite recitals contained the following language: "Therefore we, Max Munzesheimer, as principal, and ———, as sureties, acknowledge ourselves to be held and firmly bound unto the county judge of Cass County, in the State of Texas, conditioned that the said Max Munzesheimer, appellant, shall prosecute his said appeal to effect and perform the decision, order, decree, or judg-

ment which the District Court shall make therein in case the cause shall be decided against him.    Witness our hands," etc.

In the District Court a motion was made to dismiss the appeal on the ground that there was no sufficient appeal bond, and the motion was sustained, from which ruling this appeal is prosecuted.

To perfect an appeal in this class of cases the statute provides that the party must "file with the county clerk a bond with two or more good and sufficient sureties, payable to the county judge and to be approved by the clerk, conditioned that the appellant shall prosecute said appeal to effect and perform the decision, order, decree, or judgment which the District Court shall make therein in case the cause shall be decided against him."    Rev. Stats., art. 2201.

The only question is, is the bond in question in substantials the bond required by the statute?

The statute requires that the bond shall be "payable to the county judge," by which we understand to be meant that the bond on its face shall bind its makers to pay to the person named such sum as may be necessary to satisfy the decision, order, decree, or judgment to be rendered.

The bond before us contains no promise or obligation that the principal or sureties will pay any sum of money in any event.

It declares that its makers acknowledge themselves "to be held and firmly bound," but does not declare what they acknowledge themselves "to be held and firmly bound" to do.

The bond contemplated by the statute is an obligation to pay money, and an instrument which does not so bind its makers is not such an instrument as the statute contemplates, even though it may contain words which show that it was the intention of its makers to assume some obligation not stated.

As said in Hicks v. Oliver, 71 Texas, 776, "the word 'payable' indicates that a sum should be named to be paid, as the word 'conditioned' indicates that there was to be an obligation to pay a specified sum," but a bond would doubtless be good under the statute in question which, without naming a sum, bound its makers to pay such sum as might be necessary to satisfy the judgment, decision, order, or decree to be rendered by the appellate tribunal.

The obligation to pay must arise from the words of the bond, but if this can be fairly shown to have been so created it matters not how inartistically the bond may have been drawn.

It is not the purpose of the condition to a bond to impose an obligation, but to state the facts on performance of which the obligation assumed in the obligatory part of the instrument will cease to have effect, and the fact that the condition stated may be such as would have been proper had the preceding part imposed on the makers the obligation to

pay which the statute requires, can not fix on them an obligation which · they did not impose on themselves by the use of proper and necessary words.

In the case before us compliance by the principal with the conditions named in the bond would relieve its makers from all obligation arising upon it, but neither the condition nor compliance therewith can impose an obligation other than that imposed by the language used in the instrument.

The makers not having placed on themselves the obligation required by the statute, the appeal was never perfected and court the below correctly so held.

The judgment will be affirmed.

*Affirmed.*

Delivered October 29, 1889.