**SLAY et al. v. DAVIDSON et al.**

No. 2853.

Court of Civil Appeals of Texas. Beaumont.
Nov. 14, 1935.

Rehearing Denied Dec. 18, 1935.

See, also, 88 S.W.(2d) 649, 653.

Denman & Fowler and Adams & McAlister, all of Nacogdoches, for appellants.

Collins & Fairchild, of Lufkin, Norman & Norman, of Rusk, and Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellees.

O'QUINN, Justice.

This is an appeal from a judgment in probate proceedings. John P. Davidson died intestate in Nacogdoches county, Tex., on or about March 30, 1932. He left neither wife nor children. October 18, 1932, L. B. Davidson, W. O. Strode, and O. B. Slay, nephews of John P. Davidson, were appointed administrators of his estate. They filed their bonds and duly qualified as such administrators. On April 7, 1934, W. C. Davidson, brother of John P. Davidson, deceased, and who held large claims against the estate, filed complaint against said administrators, and prayed that they be cited to appear and show cause why they should not be removed as such administrators and their letters of administration be revoked. April 19, 1934, L. B. Davidson, W. O. Strode, and O. B. Slay, said administrators, duly appeared and filed their answer. In said answer they said that they had carefully looked after, managed, and cared for the best interests of the estate, and had made all reports concerning said estate required, and prayed that their said reports be approved and that their letters of administration be not revoked. Pending hearing, on May 31, 1934, they tendered to the court in writing their resignation as such administrators. On September 6, 1934, said W. C. Davidson, brother of John P. Davidson, deceased, claiming his right as next of kin to the deceased, filed his application to be appointed administrator of the estate. On said date, September 6, 1934, John P. Slay, also a nephew of John P. Davidson, deceased, filed contest of the application of W. C. Davidson for appointment as administrator, alleging that said W. C. Davidson, by reason of his advanced age, 87 years, was neither physically nor mentally qualified to act as such administrator, and at said time also filed application that he, John P. Slay, be appointed administrator, claiming his right as next of kin, after said W. C. Davidson, who was alleged to be disqualified as before stated. Upon and during the trial, September 6, 1934, after the evidence had been adduced, W. C. Davidson filed what he designated a power of attorney requesting the court that if he, W. C. Davidson, "because of his age should not be appointed administrator of this estate, then he selects and designates Roy Gray, by this power of attorney he renounces his right to administer in favor of (Roy Gray), to be appointed by this court as administrator." John P. Slay filed motion to strike, for various reasons, the designation of Gray by W. C. Davidson, which was overruled. The court rendered judgment accepting the resignations of L. B. Davidson, W. O. Strode, and O. B. Slay as administrators. Then, upon the case, the court rendered judgment denying the application of W. C. Davidson to be appointed administrator, because of his "physical infirmities," and also denied the application of John P. Slay to be appointed administrator, and further decreed, "It further appearing to the court that said W. C. Davidson has this day in open court waived his right to be appointed administrator, of the estate of John P. Davidson, deceased, in favor of J. R. Gray, and has in writing and in open court requested the appointment of said J. R. Gray as administrator of the estate of John P. Davidson, deceased, and it appearing to the court that said W. C. Davidson is next of kin of John P. Davidson, deceased, being his brother, and is entitled to waive his rights to be appointed in favor of some qualified person, and that he has on this day in open court and in writing before his application for appointment as administrator of said estate was denied, waived his rights to be appointed and des-

ignated J. R. Gray," etc., and entered judgment appointing Gray as administrator. John P. Slay in open court excepted to said judgment, and gave notice of appeal to the district court of Nacogdoches county, and duly perfected the appeal.

March 22, 1935, the cause was duly tried to a jury in the district court, and after the evidence was closed, W. C. Davidson moved that the cause be taken from the jury and that the court render judgment appointing J. R. Gray `administrator of the estate, and John P. Slay also moved the court that the cause be taken from the jury, and that the court render judgment appointing him administrator of the estate. The court withdrew the case from the jury, and refused Slay's motion for judgment, to which he excepted. The court then held that W. C. Davidson, being the surviving brother of John P. Davidson, deceased, and next of kin, was entitled to be appointed administrator of the estate, but, because of his physical condition, denied his application and refused to appoint him as such administrator, and rendered judgment appointing J. R. Gray administrator; the judgment reciting: "But it further appearing to the court that the said W. C. Davidson has heretofore, in writing, duly acknowledged by him and filed with the county clerk of this county, and with the clerk of this court, his designation of J. R. Gray to be appointed administrator of said estate of John P. Davidson, deceased, and the said W. C. Davidson having in open court on this day made such designation, and the court finding from the undisputed evidence that J. R. Gray is a person altogether qualified to act as such administrator"—decreed that said Gray be and was appointed administrator of the estate. To this judgment John P. Slay excepted and gave notice of appeal to this court. There is also in the record an instrument signed by the attorney for O. B. Slay, filed the day the judgment was rendered, excepting to the judgment and giving notice of appeal therefrom.

We shall not discuss the many interesting questions presented by the parties in their briefs, but only those deemed necessary to a disposition of the appeal. ·

▮▮▮O. B. Slay did not appeal from the judgment of the county court to the district court; neither does the record disclose that he appeared in the district court or took any part in the proceedings there. While there is in the record an instrument signed by his attorney reciting that he excepted to the district court judgment and in open court gave notice of appeal to this court, we hold that he was not a party to, or participated in, said trial. It is urged that on an appeal in probate proceedings the case shall be tried de novo, that is, as if no prior trial had been had, and that therefore the appeal of John P. Slay from the judgment of the county court to the district court carried up with it all parties and questions involved in the county court. The administrators, L. B. Davidson, W. O. Strode, and O. B. Slay, while the cause was pending in the probate court on proceedings for their removal, having before trial and judgment voluntarily filed in said court their resignations as such administrators, and the court having accepted their resignations, they passed out of. the case. This ended this phase of the case, for when they resigned they were not subject to removal., In other words, they were already out. But if in any event it could be said they were not out, then when the court in each trial entered judgment appointing another person administrator, that was in effect, and amounted in law, to an acceptance of their resignations, or their removal, for, until there was no administrator, no such appointment could validly be made. Again, the judgments were severable; one accepting the resignation, and the other refusing to appoint John P. Slay administrator and appointing Gray. John P. Slay's appeal to the district court did not carry with it the question of the acceptance of the resignation; the de novo trial in the district court involved only the questions of the appointment or rejection of applicants for appointment as administrator of the estate then presented in said court.

▮▮▮We sustain appellants' contention that W. C. Davidson waived his right to be appointed administrator in the first instance when he made no objection to the appointment of L. B. Davidson, W. O. Strode, and O. B. Slay as administrators, but recognized them as such and presented to them his claims against the estate for allowance, Mayes v. Houston, 61 Tex. 690, but we overrule the further contention that when the first administrators resigned he could not then assert his right under the law as next of kin to appointment as administrator. When the first appointed administrator resigned, the situation was as if no administrator had been appointed, and Davidson had the right to apply for

and insist upon his appointment as of right under article 3359, R.S. 1925.

 We sustain appellants' contention that, when the court denied W. C. Davidson's application to be appointed administrator because of his physical infirmities, he could not then designate Gray for appointment as administrator. In other words, that when the court found Davidson disqualified to be appointed administrator because of his physical condition, that such disqualification took from him the right to designate another person to be appointed. We think that in order for one to renounce a right, under article 3359, R.S., and designate another person for appointment, that he must of necessity possess the right which he undertakes to renounce, and that if the one claiming the right is disqualified, he has no right to renounce. From a careful search of the authorities in all the jurisdictions, we have been able to find only one case directly in point, Smith v. Lurty, 107 Va. 548; 59 S.E. 403, 404. That is a decision by the Supreme Court of Virginia. In that case the statute, as does ours, gives the next of kin the preferable right to be appointed, if qualified and suitable, as administrator, and the option of waiving or renouncing this right and designating some other qualified person to be appointed by the court. There, as here, the person claiming this right attempted to designate another, in the event the court refused to appoint her. She was denied the appointment, and the court also refused to appoint the person designated. The Supreme Court in discussing the question said: "Neither do we think the circuit court erred in refusing to appoint as administrator the person she proposed to name in the event the court refused to appoint her. The statute provides that any distributee may waive his right to qualify in favor of any other person to be designated by such distributee; but we do not understand it to mean that where a distributee has insisted upon his right to qualify, and the court has held, upon the facts disclosed in the proceeding, that he has no such right, he can then designate some other person to be appointed to a position which he himself has been adjudged not entitled to."

Also, there, as here, the court had upon evidence held the person claiming the preferable right to be disqualified. Both the county and district court, after hearing the evidence, refused to appoint W. C. Davidson administrator because of his physical infirmities. In other words, that he was disqualified to act as administrator because of his physical condition.

John P. Slay, after W. C. Davidson, was next of kin to John P. Davidson, deceased, and, if qualified, entitled to be appointed administrator of the estate. The judgment of the district court is reversed, and the cause remanded to said court, with instructions to determine the qualification of John P. Slay, and, if he be found to be qualified, then to appoint him administrator as per his application.

The costs will be taxed against appellee W. C. Davidson.

The judgment is reversed and the cause remanded to the district court, with instructions.