## FELTON v. BIRCHFIELD.

Nos. 13593, 13730.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 19, 1937.

Rehearing Denied Dec. 10, 1937.

Ruth Clark Felton and Ernest McCormack, both of Dallas, for appellant.

Arthur Haddaway and Zeno C. Ross, both of Fort Worth, for appellee.

SPEER, Justice.

On March 2, 1936, W. F. Felton was appointed administrator of the estate of A. J. Felton, deceased. He promptly qualified as such. The estate was being administered in Tarrant county, Tex., and consisted in part of about 384 acres of land in Williamson county, Tex. A portion of the liabilities of the estate was represented by a note in the principal sum of $20,000, exclusive of interest and a contingent attorney's fee. The indebtedness was owing to George W. Birchfield and was secured by a deed of trust lien on the 384 acres of land. The Birchfield claim was duly presented to the administrator and allowed by him, and thereafter the court approved said claim and allowance, and classified it as a third-class claim secured by a valid deed of trust lien on said real estate. The proof made of this claim, the allowance by the administrator, and the subsequent approval and classification by the court are not in the record before us, but the foregoing statements are taken from recitations in subsequent judgments of the court made in connection with the litigation growing out of the several transactions.

There are two appeals before us from proceedings had in the estate, and upon motion of the parties we have consolidated them, believing they could be treated as one. The first appeal bears our No. 13593 and the second is No. 13730. In this opinion we shall refer to them as first and second appeals, respectively.

The first appeal grows out of the sale of the real estate by the administrator. On March 28, 1936, the administrator filed his application to sell the real estate to pay the indebtedness mentioned and other legal charges against the estate; it shows the necessity therefor, and that it was to the best interest of the estate to sell at private sale, and that to do so a broker would be required in which a commission or brokerage would be incurred, and asked that he be allowed to incur the item of expense. The application contains a description of the land, and is accompanied by an exhibit and statement of the condition of the estate. On April 25, 1936, an order

was entered authorizing the sale as prayed for.

No report of a sale under the orders mentioned having been made to the court, George W. Birchfield on May 15, 1936, filed an application for an order requiring the administrator to sell the lands at public sale to satisfy his indebtedness and lien. In this application recitation is made of the indebtedness with accrued interest and attorney's fees, and a description is made of the deed of trust lien securing it. The land sought to be sold is described by metes and bounds. Necessity for the sale is recited to be, among other things, that the land is not being cultivated, that Johnson grass and other wild vegetation is covering it, and that its value is depreciating rapidly. That there are back taxes against the land secured by a tax lien, and that further delay in a sale will be detrimental to his security. That due to priority of certain claims against the estate, unless a sale of the land be made he will suffer irreparable losses.

On June 16, 1936, the administrator filed a remonstrance against the public sale prayed for by Birchfield, alleging that there was pending the former order of the court for the administrator to sell at private sale, and that a public sale was not for the best interest of the estate, and that he had not yet had a reasonable time in which to consummate a private sale.

On June 16, 1936, the court heard the application by Birchfield and the objections of the administrator, and entered an order, the substance of which was that the objections of the administrator were not well taken and that the application of Birchfield should be granted. A finding was made that applicant was the owner of an indebtedness of $21,523.33 as principal and interest, to which should be added 10 per cent. as attorney's fees; that the debt was evidenced by the note of A. J. Felton, deceased, and was secured by a deed of trust lien executed by deceased, showing the recordation of same. There was a further finding by the court that the claim had been presented, allowed, and approved as a third class claim against the estate. That a necessity existed for the enforcement of the lien as against the real estate.

The order further provided that unless the administrator should sooner sell the land at private sale under the former order of the court, he should advertise and sell it on the first Tuesday in August, 1936. From this judgment the administrator appealed to the Sixty-Seventh district court of Tarrant county.

A hearing was had on the appeal to the district court, on October 28, 1936, at which time that court entered its judgment in words and figures similar to that of the probate court from which the appeal was prosecuted; excepting, the district court judgment ordered the land sold at public sale on the first Tuesday in December, 1936, or at such subsequent date as may thereafter be fixed by the probate court of Tarrant county after the certification thereof to said probate court. From this judgment the administrator has perfected his appeal to this court.

The appeal is based upon a single assignment of error; it reads: "The court erred in failing and refusing, upon motion, to dismiss claimant's application, as same was filed April 15, 1936, because claimant did not introduce in evidence the judgment of the probate court showing and establishing his alleged lien on the property described in claimant's petition, to be sold."

The assignment of error to us is meaningless, when applied to the proceedings had in the Sixty-Seventh district court and the judgment there rendered from which the first appeal is prosecuted. To arrive at the matters complained of we must revert to another phase of the record, and to do so we approach the controversy from which the second appeal is presented.

We have seen that because of the delay in making a private sale of the land under the application of the administrator, and the order thereon, the lien creditor Birchfield made application and procured an order of sale thereon for public sale, and on appeal to the district court a similar order was made, from which an appeal was taken to this court. No sale was made under the judgment of the district court, because of the appeal. The record does show, however, that on November 27, 1936, the administrator made a report of a private sale of the real estate under the order of the probate court of date April 25, 1936. In this report it is shown a private sale of the land was made to George W. Birchfield for the consideration of $24,905.99 cash to be paid upon the delivery of a deed by him to the pur-

chaser, as follows: $22,550 by the surrender and cancellation of the claim of said purchaser against the estate, and the sum of $1,523.93 in cash and the assumption by the purchaser of $832.06 due as taxes owing by the estate. The report further shows that the administrator had agreed to have the land surveyed, and if the inclosure is found to contain more than 385.9 acres, the purchaser will pay for such excess at the rate of $64.54 per acre.

Thereafter on December 4, 1936, the probate court entered its order confirming the sale as reported, and requiring the administrator to file his bond in the sum of $3,500, and upon payment by the purchaser, to make the deed.

The purchaser filed an application requesting the court to issue notice to the administrator requiring him to show cause why he should not execute deed, in which it was shown the purchaser had complied with the terms of sale.

The court entered its decree on December 23, 1936, finding the purchaser had complied with the terms of sale and had tendered into court for the administrator the sum of $806.52, the amount due for excess lands found in the inclosure, on a basis of $64.54 per acre, and had in all other respects complied with the terms of sale as agreed upon between the parties and confirmed by the court. It was ordered and decreed by the court that the administrator, upon notice thereof, appear and show cause on December 30, 1936, why he should not execute and deliver to the purchaser a deed of conveyance of the lands, under penalty of contempt of the court.

On December 30, 1936, the administrator appeared and filed an answer to the application of Birchfield to show cause, and alleged he had previously executed his deed to the purchaser covering all lands within the inclosure as per his contract, and was under no obligation to execute a correction deed according to the field notes as made by the surveyor; that the purchaser was still due him the amount agreed to be paid for the excess acreage at $64.54 per acre, and prayed that he be not required to make a second deed. Further allegation was made that the administrator did not make the report of sale on November 27, 1936, which was thereafter confirmed by the court.

On December 30, 1936, the probate court found against the administrator on his protest and entered an order requiring him to make, execute, and deliver to the purchaser his deed of conveyance within three days thereafter under penalty of removal. A copy of the deed required by said order to be executed was made a part of the judgment. In obedience to the judgment of the probate court, the administrator executed the deed and delivered it to the purchaser.

Reverting to the assignment of error shown above, there is nothing in the proceedings had in the Sixty-Seventh district court that would require an investigation of the nature of the claim held by Birchfield nor the manner in which he made proof of it. The classification made by the court becomes immaterial, since only the judgment of the probate court ordering a public sale, conditioned that private sale was not sooner made, was appealed to the Sixty-Seventh district court. This appeal did not disturb the jurisdiction of the probate court in proceeding further with the estate, so long as it did not infringe upon the matter then on appeal. The two applications pending, one for private and the other for public sale, were severable, and the appeal of the one did not affect the other. Slay v. Davidson (Tex.Civ.App.) 88 S.W.2d 650 (writ refused). The sale was made under the application of the administrator under a private contract with Birchfield, in cancellation of his claims against the estate, and it can make no difference whether the claimant proved his claim and exercised a preference to rely alone upon the security held by him or not; the debt was extinguished by the sale. The issue raised in this first appeal has become moot and there is nothing left for our determination. The assignment of error is overruled.

The second appeal considered here, grows out of an order of the Forty-Eighth district court of Tarrant county, in sustaining a plea in abatement to the administrator's appeal from an order of the probate court in removing him as such administrator, and as well from the order of the probate court requiring him to make deed to the purchaser of the land.

The original petition for certiorari named George W. Birchfield as defendant and was filed on February 8, 1937, in which complaint was made of the order

requiring the administrator to make deed, and on May 3, 1937, an amended petition was filed in which it was shown the probate court had on March 12, 1937, entered an order removing the administrator, and that an appeal had been taken from such order, and that he had executed an appeal bond, which was alleged to have been accepted by the county clerk and filed in said cause, and that said appeal bond had the effect to supersede all power and authority of the probate court in said estate, and that he was authorized thereby to prosecute his application for certiorari. The petition further sought a review by the Forty-Eighth district court of the several orders entered by the probate court in the matter of the private sale of the lands to Birchfield, and especially the action of the probate court in requiring him to execute a deed thereunder.

Birchfield filed a plea in abatement to the administrator's combined appeal and petition for certiorari, alleging that on March 12, 1937, the probate court had removed the administrator, and appointed one J. N. Cole as temporary administrator of said estate, with special instructions from the court to hire counsel and protect the interests of the estate in litigation pending in the district courts of Tarrant county; that by reason of the order of removal and the appointment and qualification of the temporary administrator, the petitioner was without authority to prosecute the application for certiorari. Further allegation was made in the plea in abatement that the petitioner had made no appeal bond as required by law in the matter of the appeal from the order of removal, showing the alleged defect to be that it was not payable to anyone.

A hearing was had on the plea in abatement, and by agreement a stipulation was entered into, in which it appears that the probate court on application of named persons, for cause, removed W. F. Felton as administrator in said cause and appointed J. N. Cole temporary administrator with the authority set out in the plea.

The purported appeal bond was offered in evidence. Omitting formal parts, it reads: "Now therefore, we, W. F. Felton as principal, and Dave Fein and L. M. Sellers as sureties, acknowledge ourselves bound to the County Judge of said court the sum of One Hundred and Fifty Dollars, ($150.00) conditioned that the said W. F. Felton, appellant, shall prosecute

said appeal to effect, and perform the decision, order, decree or judgment which the district court shall make therein in case the cause shall be decided against him, the said W. F. Felton."

The additional proof was offered as appeared in the order of the probate court appointing the temporary administrator showing special duties enjoined upon him in the prosecution of litigation pending in the district courts of Tarrant county.

The court heard the plea in abatement and entered a judgment on June 7, 1937, sustaining it, and from that judgment the second appeal here is being prosecuted.

■■ The certiorari was not denied by the Forty-Eighth district court, but in sustaining the plea in abatement the court held that the administrator had been removed and that no appeal was perfected with a proper bond, and under such circumstances W. F. Felton as administrator had no authority to prosecute the petition for certiorari. The bond given on the appeal did not promise to pay to anybody anything, whereas the law requires a promise to pay under the conditions named. Article 3699, Rev.Civ.Statutes. The bond given was fatally defective because it does not promise to pay the sum named if appellant should be cast in the action. Munzesheimer v. Wickham, 74 Tex. 638, 12 S.W. 751. There was no other bond than the one mentioned, filed or offered for filing; no effort was made to amend the appeal bond, nor in any way to cure the defect. Until an appeal was perfected from the order removing the administrator, he was without authority to act; as said in Slay v. Davidson, supra, "he was out."

■ By assignments of error W. F. Felton challenges the right of the probate court to remove him as administrator, and insists that under the statute which gives the right of appeal from orders by the probate court to the district court, the latter assumes the entire jurisdiction of the estate pending such appeal. We cannot agree with this contention and all assignments to that effect are overruled.

■ If good grounds for the writ of certiorari can be shown, justifying a review of the orders of the probate court in the matters mentioned, then the new administrator has the power to prosecute such a suit or action. We do not mean to say W. F. Felton has no interest in such a

suit, but on the contrary he has, in that it involves his official acts as administrator for which he and his bondmen are liable; in any subsequent actions which involve his acts as administrator he would have a right to intervene, and show, if he could, grounds justifying them. However, since Felton had not perfected an appeal from the order of removal by the probate court, he was not authorized to continue the prosecution of the certiorari proceedings in the name of the estate, and the plea in abatement was properly sustained.

■ The conclusions reached in this appeal have been based upon what appears to us as reasonable and equitable constructions by the several courts in considering our statutory provisions concerning estates. We have carefully read the entire statement of facts pertaining to the value of the property sold, and while it may well be said some of the proceedings were irregular and confusing, yet we should not view it critically to find an excuse to set such orders, judgments, and decrees aside. Our Supreme Court has frequently held that such a rule is especially applicable in matters of judicial sales. McCardell v. Lea, 111 Tex. 380, 235 S.W. 518; Cavin v. Hill, 83 Tex. 73, 76, 18 S.W. 323; Watts v. Howard, 77 Tex. 71, 73, 13 S.W. 966; Willoughby v. Long, 96 Tex. 194, 199, 71 S.W. 545; Groesbeeck v. Crow, 85 Tex. 200, 20 S.W. 49; and many other cases cited in McCardell v. Lea, supra.

Without in any way attempting to pass on the right of the proper representative of this estate to present an application for certiorari within the proper time 'to the proceedings had in probate court, the judgments before us in these two appeals are affirmed.