COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |
|---|---|
| § | No. 08-22-00028-CV |
| § | Appeal from the |
| IN THE MATTER OF THE ESTATE OF JOSHUA DANIEL TOVAR, DECEASED. § | Probate Court Number 1 |
| § | of El Paso County, Texas |
| § | (TC# 2021-CPR01440) |

## MEMORANDUM OPINION

Appellant Carly Zambrano appeals from the trial court's order appointing Appellee Nancy Tovar as administrator of Joshua Daniel Tovar's (Decedent's) estate. Raising four issues, Zambrano argues the trial court erred when it appointed Tovar as administrator of Decedent's estate because Tovar did not have priority over Zambrano. For the reasons set forth below, we affirm the trial court's judgment.

## I.  BACKGROUND

Decedent, a resident of El Paso County, died intestate on July 9, 2021, in San Diego, California. When he passed away, Decedent was unmarried and had a minor child with Zambrano. Decedent was survived by Tovar, his mother; N.J.T., his minor child[1]; and Zambrano, N.J.T.'s mother.

---

[1] We shall refer to the minor child as N.J.T. throughout this opinion to protect his identity.

After Decedent passed away, Tovar filed an application to become independent administrator of Decedent's estate. Zambrano then filed a counter-application to become independent administrator of Decedent's estate. Tovar's application stated that she was Decedent's mother. Zambrano's application stated that she was N.J.T.'s mother. Both applications stated that Decedent died intestate and his sole heir was N.J.T. Each application also stated that the relevant applicant, either Tovar and Zambrano, was an El Paso County resident and not disqualified by law to serve as personal representative of the estate or from accepting letters of independent administration.

The trial court appointed an attorney ad litem to represent the interests of both unknown heirs and heirs suffering from legal disability. The attorney ad litem determined Decedent's sole heir and child was N.J.T. The attorney ad litem also determined N.J.T. was a minor and, therefore, had a legal disability. The trial court found that N.J.T was the sole heir and entitled to all of Decedent's estate. The trial court continued the attorney ad litem's appointment on behalf of N.J.T.

The trial court held a hearing to determine heirship and appoint a personal representative for Decedent's estate.[2] At the hearing, Tovar testified that she was Decedent's mother, had never been convicted of a felony, and had never declared bankruptcy. Tovar also testified that her intention as administrator of the estate was to collect Decedent's assets and distribute them into a trust for N.J.T.'s benefit. Tovar argued that she was qualified to serve as the administrator and had priority to serve over both Zambrano and a third party under § 304.001 of the Estates Code. While she originally filed for an independent administration, Tovar told the trial court she would also accept a dependent administration.

---

[2] At the request of Tovar's counsel, the hearing was bifurcated between the heirship determination and the appointment. There was, however, overlap between the issues; and, therefore, the factual summary below considers the hearing as a whole.

At the hearing, Zambrano argued she, as mother of the sole heir, had equal priority to Tovar under the law. Zambrano testified her relationship with Tovar and Aaron Tovar (Tovar's husband and Decedent's father) was unhealthy and she did not believe Tovar would be honest with the court or Zambrano concerning the estate.

After listening to the testimony, the trial court granted a dependent administration and appointed Tovar as administrator. Tovar was sworn in as dependent administrator. This appeal followed.

## II.    DISCUSSION

Although Zambrano raises four issues: (1) whether the trial court erred in its interpretation of Texas Estates Code § 304.001; (2) whether the trial court's findings of fact were supported by legally and factually sufficient evidence; (3) whether the trial court's Findings of Fact Numbers Six and Nine were supported by legally and factually sufficient evidence; and (4) whether the trial court erred in reaching Conclusions of Law Nine through Thirteen and whether there was legally insufficient evidence to support the conclusions. We consolidate Issues Two and Three because of their substantial overlap.   Each issue is considered below.

### a. Under Texas Estates Code § 304.001, Tovar had priority to serve as personal representative of Decedent's estate.

Zambrano argues the trial court erred in determining Texas Estates Code § 304.001 gives priority to Tovar to serve as personal representative of Decedent's estate. Zambrano argues because N.J.T. is disqualified from serving as personal representative, priority should pass to Zambrano, N.J.T.'s next of kin. For the reasons below, we hold that the trial court did not err in its interpretation of the statute.

#### i. *Standard of review and applicable law*

3

We review a question of statutory construction *de novo*. *El Paso Indep. Sch. Dist. v. Kell*, 465 S.W.3d 383, 386 (Tex. App.—El Paso 2015, pet. denied). Our primary object is to give effect to the Legislature's intent by "looking first and foremost at the statutory text[.]" *Miller Weisbrod, L.L.P. v. Llamas-Soforo*, 511 S.W.3d 181, 184 (Tex. App.—El Paso 2014, no pet.). "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011).

Section 304.001 of the Texas Estates Code determines the priority of persons qualified to serve as personal representatives to an estate. TEX. EST. CODE ANN. § 304.001. Under § 304.001, persons qualified to serve as representatives to an intestate estate are prioritized as follows: the decedent's surviving spouse; the next of kin of the decedent; a creditor of the decedent; any person of good character residing in the county who applies for the letters; any other person who is not disqualified under § 304.003; and any appointed public probate administrator. *Id*. The category at issue here is next of kin of the decedent.

The statute states next of kin "is determined in accordance with order of descent, with the person nearest in order of descent first, and so on[.]" TEX. EST. CODE ANN. § 304.001(b)(1). The legislature has fixed the degree of relationship between blood relatives as determined by the number of generations that separate them. TEX. GOV'T CODE ANN. § 573.023. "A parent and child are related in the first degree[.]" *Id*. The legislature has also determined that individuals may be related to each other by affinity if they are married or "the spouse of one of the individuals is related by consanguinity to the other individual." TEX. GOV'T CODE ANN. § 573.024.

### ii. Analysis

4

The statute articulates the category of priority applicable here as "the next of kin of the decedent." TEX. EST. CODE ANN. § 304.001(a)(5). Zambrano argues she is entitled to priority as next of kin of the decedent's next of kin. This interpretation of the statute is directly contradicted by the plain text, which focuses on the decedent. *Id*. Further, the other provisions of the statute providing greater priority also focus upon the decedent. *Id.* The provisions that do not center on the decedent are lower priority and, consequently, much more general. *See id.* §304.001(7) ("any person of good character residing in the county who applies for the letters"). We therefore interpret the statute to prioritize decedent's next of kin and not the next of kin of the decedent's next of kin.

Next, we turn to whether the trial court properly identified Tovar as Decedent's next of kin. As an initial matter, it is undisputed that N.J.T. is not qualified to serve as personal representative because he is a minor. TEX. EST. CODE ANN. § 304.003. But we include N.J.T. in our analysis because Zambrano's argument relies, in part, on her contention that N.J.T. cuts off Tovar's priority under the statute.

Under the statute's definition of next of kin, we consider who has the closest consanguinity or affinity relationship with Decedent. First, we consider the degree of relationship between all involved parties. N.J.T. is Decedent's child; and, therefore, he and Decedent are related in the first degree. TEX. GOV'T CODE ANN. § 573.023. Similarly, Decedent is Tovar's child; and, therefore, she and Decedent are also related in the first degree. *Id*. Zambrano was not Decedent's spouse and there is no evidence she is married to someone who has a relationship of consanguinity with Decedent. Therefore, Zambrano is not related to Decedent by consanguinity or affinity. *See* TEX. GOV'T CODE ANN. §§ 573.023, 573.024. For these reasons, both N.J.T. and Tovar are Decedent's next of kin.

5

Zambrano argues N.J.T. is Decedent's primary next of kin because he is the sole heir to the intestate estate. Assuming Zambrano's assertion that N.J.T. is the primary next of kin is correct, we next examine what occurs when a primary next of kin is not qualified to serve as personal representative. In *Slay v. Davidson*, the Beaumont Court of Appeals was faced with a similar issue. *Slay v. Davidson*, 88 S.W.2d 650, 651 (Tex. App.—Beaumont 1935, writ ref'd). In that case, the decedent's brother, Davidson, claimed his right as next of kin and filed an application to be appointed administrator. *Id*. The Decedent's nephew, Slay, filed a counter application, arguing Davidson was not mentally or physically qualified to act as administrator because of his age. *Id*. At trial, Davidson requested if he was not appointed administrator due to his age, he would renounce his right to be appointed administrator in favor of his designee. *Id*. The trial court denied the applications of both Davidson and Slay and appointed Davidson's designee. *Id*. at 651-52. The court of appeals held that Davidson, could not designate an administrator because he had been disqualified from serving as administrator. *Id*. at 653. The court of appeals held Slay, who was the secondary next of kin after Davidson, was entitled, if qualified, to be appointed administrator of the estate following Davidson's disqualification. *Id*. Similarly, turning to the case at hand, N.J.T. is the primary next of kin but is disqualified from being appointed as a personal representative of the estate. We agree with the Beaumont Court of Appeals that in such a case, priority should extend to the secondary next of kin, if any. Therefore, the trial court did not err in appointing Tovar as a personal representative of the estate.

In the interest of completeness, we address the last portion of Zambrano's argument on this issue. Zambrano argued § 304.001(b)(2) of the Texas Estates Code supports an appointment of persons not related by consanguinity. This section only applies to persons who have been adopted by or have themselves adopted a decedent. TEX. EST. CODE ANN. § 304.001(b)(2). There is no

evidence or claim that Zambrano was adopted by or adopted Decedent. Therefore, § 304.001(b)(2) is not relevant to our analysis.

Zambrano's first issue is overruled.

**b. The Trial Court's Findings of Fact were supported by legal and factually sufficient evidence.**

Next, we address whether the trial court's findings of fact were supported by legally and factually sufficient evidence. In addition to generally arguing that all the trial court's findings of fact were legally and factually insufficient, Zambrano specifically argues that Findings of Fact Six and Nine were legally and factually insufficient. We analyze each finding of fact's legal and factual sufficiency in turn.

### i. *Standard of review*

When the trial court issues findings of fact and conclusions of law, the appellant may challenge the findings of fact on legal and factual sufficiency grounds. *Fed. Corp., Inc. v. Truhlar*, 632 S.W.3d 697, 716 (Tex. App.—El Paso 2021, pet. denied). If an appellant advances a legal sufficiency challenge, the record must contain more than a scintilla of evidence to support the questioned finding; if it does, the no-evidence point fails. *Id*. at 716-17 (citing *BMC Software Belgium v. Marchland*, 83 S.W.3d 789, 794 (Tex. 2002)). If an appellant advances a factual sufficiency challenge, we examine the entire record considering the evidence for and against the challenged finding. *Id*. at 716. A finding is only set aside if we find it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust." *Id*. (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)).

### ii. *Findings of Fact One through Five*

The trial court's first finding of fact is "On July 9, 2021 Daniel Joshua Tovar (the 'Decedent') died intestate in San Diego County, California at the age of twenty-seven (27) years

of age. At the time of his death, Decedent was a resident of El Paso County, Texas." At the hearing, Tovar testified Decedent died intestate in San Diego, California on July 9, 2021. Further, Tovar testified to Decedent's birth date, November 30, 1993, which is consistent with Decedent having been 27 years of age. Further, both applications stated Decedent died intestate at 27 years of age on July 9, 2021. The only evidence controverting any portion of this finding is Zambrano's application, which states Decedent passed away in El Paso County. Therefore, this finding of fact is supported by more than a scintilla of evidence and is not contrary to the overwhelming weight of the evidence.

The trial court's second and third findings of fact are: "At the time of Decedent's death he was divorced and had one child: [N.J.T.] who is a minor. Carly Zambrano is the mother of [N.J.T.];" and "Decedent and Carly Zambrano were not married at the time of Decedent's death." Tovar testified at the time of his death, Decedent was unmarried, divorced, and had one child, N.J.T. Further, Zambrano's application also states Decedent was unmarried, divorced, and had only a minor child, N.J.T. No evidence in the record controverts any portion in these findings. Therefore, these findings of fact are supported by more than a scintilla of evidence and are not contrary to the overwhelming weight of the evidence.

The trial court's fourth finding of fact is "Aaron Tovar and Nancy Tovar are the Decedent's parents." Tovar testified that she is Decedent's mother. Aaron Tovar's testimony also identified Decedent as his son and N.J.T as his grandson. No evidence in the record controverts any portion of this finding of fact. Therefore, this finding of fact is supported by more than a scintilla of evidence and is not contrary to the overwhelming weight of the evidence.

The trial court's fifth finding of fact is "[t]he Tovars and Carly Zambrano have filed competing applications to be appointed administrator of the Decedent's estate." Tovar and

Zambrano both filed separate applications to be appointed administrator of the Decedent's estate. No evidence in the record controverts any portion of this finding of fact. Therefore, this finding of fact is supported by more than a scintilla of evidence and is not contrary to the overwhelming weight of the evidence.

### iii. Finding of Fact Number Six

The trial court's sixth finding of fact is "Nancy Tovar is qualified to serve as the personal representative of the Decedent's Estate." Zambrano's argument to Tovar's qualification is centered on whether Tovar should have priority over other qualified applicants for administration, not whether Tovar should be otherwise disqualified. Although the issue of priority has been disposed of, we examine the record to determine whether Tovar's qualifications to serve as personal representative are supported by more than a scintilla of evidence and not contrary to the overwhelming weight of the evidence.

Under § 304.003 of the Texas Estates Code, a person is disqualified to serve as an administrator if she is: (1) incapacitated; (2) a felon; (3) a nonresident of the state; (4) a corporation not authorized to act as a fiduciary in this state; or (5) a person whom the court finds unsuitable. TEX. EST. CODE ANN. § 304.003. Tovar is a natural person; therefore, we do not consider the fourth disqualification category. We consider the remaining categories in turn.

First, an incapacitated person is either: a minor; a person who must have a guardian appointed to receive government funds; or an adult who, because of a physical or mental condition, is substantially unable to care for her own physical health, manage her own financial affairs, or provide food, clothing, or shelter for herself. TEX. EST. CODE ANN. § 22.016. Tovar is not a minor. In this case, Tovar appeared before the trial court and testified under oath. No evidence was presented she required a guardian. Further, no evidence was presented that she was unable to care

9

for her own physical health; manage her own financial affairs; or provide food, clothing, or shelter for herself. More than a scintilla of evidence supports that Tovar is not an incapacitated person. Further, this is not contrary to the overwhelming weight of the evidence.

Second, Tovar testified she has not been convicted of a felony. No evidence in the record controverts this testimony. More than a scintilla of evidence supports that Tovar is not a felon. Further, this is not contrary to the overwhelming weight of the evidence.

Third, Tovar's application stated she was a resident of El Paso County, Texas. No evidence in the record controverts this testimony. More than a scintilla of evidence supports that Tovar is a resident of El Paso County, Texas. Further, this is not contrary to the overwhelming weight of the evidence.

Finally, the court determined Tovar should be appointed administrator of Decedent's estate. This decision was supported by Tovar's testimony she had never declared bankruptcy and that as administrator, she would collect Decedent's assets and distribute them into a trust for N.J.T.'s. More than a scintilla of evidence supports that the trial court did not find Tovar unsuitable. Further, this is not contrary to the overwhelming weight of the evidence.

For the reasons above, more than a scintilla of evidence support the finding Tovar is qualified to serve as the estate's personal representative. This finding is not contrary to the overwhelming weight of the evidence.

### iv. Findings of Fact Seven and Eight

The trial court's seventh finding of fact is "Decedent's only child is a minor and therefore cannot serve as the personal representative of the Decedent's Estate." Tovar testified that at the time of his death, Decedent had one child, N.J.T. Further, Zambrano's application also states that Decedent had only a minor child, N.J.T. Minors are incapacitated persons and, therefore,

10

disqualified from serving as personal representatives. TEX. EST. CODE ANN. §§ 22.016, 304.003. Therefore, this finding of fact is supported by more than a scintilla of evidence and is not contrary to the overwhelming weight of the evidence.

The trial court's eighth finding of fact is "Carly Zambrano is not related by blood to the Decedent." In her application, Zambrano identified herself as N.J.T.'s mother and not as Decedent's relative. No evidence was offered to show Zambrano was related to Decedent by blood. Therefore, this finding of fact is supported by more than a scintilla of evidence and is not contrary to the overwhelming weight of the evidence.

### v. Finding of Fact Nine

The trial court's ninth finding of fact is "[d]ue to the fact Decedent's only heir is a minor child, Aaron and Nancy Tovar are the next of kin for purposes of appointing an administrator of the Decedent's Estate." This finding of fact combines the earlier findings of fact, considered fully above, and applies them to the next of kin analysis in the discussion of Zambrano's first issue. Accordingly, Tovar and Aaron Tovar are the Decedent's next of kin. Therefore, this finding of fact is supported by more than a scintilla of evidence and is not contrary to the overwhelming weight of the evidence.

Zambrano's second and third issues are overruled.

### c. The Trial Court's Conclusions of Law Nine through Thirteen were not erroneous as a matter of law.

Zambrano argues the trial court erred in reaching Conclusions of Law Nine through Thirteen or that there was legally insufficient evidence to support those conclusions. We consider each conclusion in turn.

### i. Standard of review

A trial court's conclusions of law are reviewed *de novo* to determine if the trial court drew the correct legal conclusions from the facts. *Perez v. Old W. Cap. Co.*, 411 S.W.3d 66, 75 (Tex. App.—El Paso 2013, no pet.); *Bundren v. Holly Oaks Townhomes Ass'n, Inc.*, 347 S.W.3d 421, 429-30 (Tex. App.—Dallas 2011, pet. denied). If "any legal theory supported by the evidence sustains the judgment," then we must uphold conclusions of law. *OAIC Com. Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 736 (Tex. App.—Dallas 2007, pet. denied); *Bundren*, 347 S.W.3d at 430. We only reverse a trial court's judgment if the conclusions of law are erroneous as a matter of law. *Perez*, 411 S.W.3d at 75.

The trial court's ninth conclusion of law is that under the priority statute, Zambrano would be considered a person of good character who resides in El Paso County. As discussed in the first issue's analysis, Zambrano is not the Decedent's next of kin and does not qualify for priority under that category. The following two categories under the statute are a creditor of the decedent or any person of good character residing in the county. TEX. EST. CODE ANN. § 304.001. No evidence has been presented that Zambrano is Decedent's creditor. Therefore, the only other category of priority Zambrano fits is a person of good character who resides in El Paso County. This conclusion of law is not erroneous as a matter of law.

The trial court's tenth and eleventh conclusions of law are that Tovar and Aaron Tovar are Decedent's next of kin and Tovar has priority to serve as personal representative of Decedent's estate. These conclusions are discussed in the analysis of Zambrano's first issue. We agree with the trial court that as his parents, Tovar and Aaron Tovar are Decedent's next of kin. Therefore, Tovar has priority to serve as personal representative of the estate. These conclusions of law are not erroneous as a matter of law.

The trial court's twelfth conclusion of law is that Tovar is not disqualified to serve as personal representative of Decedent's estate. This conclusion is discussed in the analysis of the trial court's Finding of Fact Number Six. More than a scintilla of evidence supports the finding that Tovar is qualified to serve as the personal representative. Further, that finding is not contrary to the overwhelming weight of the evidence. This conclusion of law is not erroneous as a matter of law.

The trial court's thirteenth conclusion of law is that the court had a duty to grant letters of administration to Tovar. Section 304.001 of the Estates Code states that "[t]he court shall grant letters testamentary or of administration" to persons qualified to serve in the order of priority stated in the statute. TEX. EST. CODE ANN. § 304.001. Therefore, the trial court had a duty to grant letters of testamentary to Tovar. This conclusion of law is not erroneous as a matter of law.

Zambrano's fourth issue is overruled.

## **CONCLUSION**

We affirm the trial court's order appointing Tovar as personal representative of the Decedent's estate.

YVONNE T. RODRIGUEZ, Chief Justice

March 6, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

13