In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-14-00324-CV
IN THE INTEREST OF K.J.B.

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 04-04-02463 CV**

**MEMORANDUM OPINION**

This is a restricted appeal of a default judgment. Ronald Brimberry (Appellant or Ronald) is the father of K.J.B., a minor child. Trisha Hegemeyer (Appellee or Trisha) is the mother of K.J.B. Ronald and Trisha were divorced in 2004, and the decree of divorce named the parties joint managing conservators of K.J.B. In 2006, Ronald and Trisha entered into an agreed custody modification order. In September of 2013, Trisha filed a Petition to Modify Parent Child Relationship seeking to modify the prior agreed custody modification order relating to K.J.B. Ronald did not file an answer to the Petition to Modify, and the trial court granted a default judgment. Ronald filed this appeal, wherein he argues

1

that the trial court erred in rendering a default judgment because the procedural rules for service of process and return of service were not strictly followed, that the court failed to appoint him counsel, and that he was denied due process. We affirm the judgment.

FACTUAL BACKGROUND

On September 26, 2013, Trisha filed a petition to modify conservatorship and support in the 221st Judicial District Court of Montgomery County, Texas. The petition provided no address for service of process for Ronald. On October 31, 2013, Trisha filed a Motion for Alternative Service, supported by a sworn affidavit of an authorized process server, Cheryl Beard (Beard). The motion stated that Beard had previously attempted service of citation[1] by personal delivery to Ronald but personal service was unsuccessful and that

> [r]easonably effective notice of the suit may be given to Ronald Brimberry by affixing the citation to the gate outside his home property, at 28135 Old Highway 105 West, Montgomery, Texas; or by delivering to anyone over the age of 16 at 12 Dogwood Trail, Willis, Texas, a location he is known to frequent.

Beard's affidavit described four attempts to make personal service on Ronald at his home address in Montgomery, Texas, and two attempts to serve him at an alternate address in Willis, Texas. On December 3, 2013, the court issued an Order granting

---

[1]A copy of this citation is not in the appellate record.

2

the Motion for Alternative Service, ordering that service on Ronald may be effected by

> delivering [the citation] to anyone over the age of 16 at 12 Dogwood Trail, Willis, Texas, a location he is known to frequent.
> Proof of service shall be made by the person executing the return, stating when the citation was served, on whom it was served, and where it was served.

According to the docket sheet, the case was transferred from the 221st to the 418th District Court by Order dated November 8, 2013. On November 21, 2013, Trisha filed an affidavit in support of a Motion for Substituted Service which stated as follows:

> Defendant's, RONALD PAUL BRIMBERRY, JR.'s, usual place of abode is his home, located at 28135 Old Hwy. 105 West, Montgomery, Texas. Defendant's home has a privacy gate which he keeps closed. Further, although Defendant is currently unemployed and has no usual place of business, Defendant can probably be found at the home of his current girlfriend, located at 12 Dogwood Trail, Willis, Texas. . . . See the Affidavit in Support of Motion for Substituted Service of Process Server, Cheryl Beard, filed on October 31, 2013 for the service attempts at these locations which were unsuccessful.
> The residence of RONALD PAUL BRIMBERRY, JR., a party in this case, is known to me. I have exercised due diligence to personally serve the party at his residence and have been unable to do so.

On or about December 4, 2013, the 418th Judicial District Court mailed a letter with an enclosed scheduling order to Ronald Brimberry, addressed to a post office box. The letter stated the case had been set for trial on April 7, 2014, and further

3

that a pre-trial conference was set for March 28, 2014. Another citation was issued on December 17, 2013.

On January 6, 2014, the citation issued in December 2013 was returned to the clerk of court with the affiant section completed and with a sworn Server's Return attached thereto stating as follows:

> I received the attached citation at 10:00 A.M on DECEMBER 18, 2013 and executed it by delivering a true copy of the citation (petition attached) with the date of delivery endorsed on it to defendant: LEFT WITH HIS GIRLFREIEND [sic] AS PER ORDER in person on at [sic] 8:04 A.M. on DECEMBER 21, 2013 at defendant's usual place or abode or usual place of business as follows:
> Address: 12 DOGWOOD TRAIL
> WILLIS, TEXAS MONTGOMERY County, Texas

The "Affiant" portion of the return included Beard's name, date of birth, and address, the county, state, and date of service, and Beard's ID number and the expiration date of her certification.

On February 19, 2014, an Amended Server's Return was filed with the clerk of court pertaining to service of the citation issued in December 2013. The amended return recited the following description of the service the process server made on December 21, 2013:

> I, CHERYL L. BEARD arrived at *12 Dogwood Trail, Willis, Montgomery County, TX* and knocked on the door. A lady answered the door and [s]tated to me that she was Defendant's girlfriend and that Defendant was not there. I, CHERYL L. BEARD asked the lady what her name was and she said to me, "I did not need to know her

4

name, but that she was Defendant's girlfriend". I, CHERYL L. BEARD believe that Defendant's girlfriend, the lady I left the citation/paperwork with was approximately 30 years of age. *I, CHERYL L. BEARD left the citation/paperwork with Defendant's girlfriend at 12 Dogwood Trail, Willis, Montgomery County, TX.*

On February 21, 2014, Trisha filed Petitioner's Second Motion for Alternative Service, supported by Trisha's Affidavit in Support of Motion for Substituted Service and by Beard's Affidavit in Support of Motion for Substituted Service dated February 20, 2014. The Second Motion for Alternative Service stated that the process server made multiple attempts to serve Ronald at his home address in Montgomery and at the alternate address in Willis, but that such attempts were unsuccessful. Beard's affidavit described five attempts in October 2013 to serve Ronald at his home in Montgomery and three attempts to serve Ronald at the alternate address, "the property of his girlfriend[,]" in Willis, Texas, including a description of the service made by the process server on December 21, 2013, wherein Beard stated she left the citation with a "lady who appeared to be over 30 years of age" but who refused to give her name. Trisha's Second Motion for Alternative Service requested the court permit alternative service, alleging that:

> [r]easonably effective notice of the suit may be given to Ronald Brimberry by affixing the citation to the gate outside his home property, located at 28135 Old Highway 105 West, Montgomery, Texas; or by affixing the citation to the door of the home of his girlfriend located at 12 Dogwood Trail, Willis, Texas, a location he is known to frequent.

5

On February 25, 2014, the court signed its Second Order on Motion for Alternative Service, ordering that service on Ronald be effected by:

> 1) Affixing the citation to the gate outside his home property, located at 28135 Old Highway 105 West, Montgomery, Texas; or
> 2) By affixing the citation to the door of the home of his girlfriend located at 12 Dogwood Trail, Willis, Texas, a location he is known to frequent.
> Proof of service shall be made by the person executing the return, stating when the citation was served, on whom it was served, and where it was served.

On February 25, 2014, the clerk of court issued another citation. On February 28, 2014, a copy of the February Citation, along with a Server's Return executed by Beard was then filed with the clerk of court. Beard's sworn Server's Return stated, in part, as follows:

> I received the attached citation at 3:00 P.M. on FEBRUARY 25, 2014 and executed it by delivering a true copy of the citation (petition attached) with the date of delivery endorsed on it to defendant: ATTACHED TO DOOR AS PER ORDER @ 12 Dogwood Trail, WILLIS, TEX in person on at [sic] 4:06 P.M. on FEBRUARY 25, 2014 at defendant's usual place or abode or usual place of business as follows:
> Address: 12 DOGWOOD TRAIL
> WILLIS, TEXAS MONTGOMERY County, Texas[.]

As to the Citation issued February 25, 2014, in the Affiant section, Beard once again provided her name, date of birth, and address, the county, state, and date of service, and her ID number and expiration date of her certification, and she

6

attached a separate "Server's Return[.]" The February Citation notified Ronald that a Petition to Modify had been filed and that Ronald should file a written answer with the 418th Judicial District Court of Montgomery County at or before "10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation[.]"[2] On March 25, 2014, Beard executed a First Amended Server's Return. The First Amended Server's Return, signed and sworn to by Beard, was then filed with the clerk of court on March 25, 2014. The First Amended Server's Return included the cause number and case name, the court in which the case was filed, and stated, in part:

> 2. I received the Citation (filed with the original Server's Return on February 28, 2014), Petition to Modify Parent-Child Relationship, and Second Order on Motion for Alternative Service at 3:00p.m. on February 25, 2014.
>
> 3. I executed the Citation by delivering a true copy of the Citation, with the Petition to Modify Parent-Child Relationship, and the Second Order on Motion for Alternative Service attached, and with the date of delivery endorsed on it, to Defendant, RONALD BRIMBERRY, by attaching it to the door of *12 Dogwood Trail, Willis, Texas*, in accordance with the Second Order on Motion for Alternative Service in person at 4:06 p.m. on February 25, 2014.

---

[2]We take judicial notice that the next Monday following the expiration of twenty days after the date of service reflected in the return would have been March 24, 2014.

7

Ronald did not file an answer. On March 26, 2014, the court held a hearing in this matter and noted that Ronald had "failed to file an answer or otherwise appear in this case and has made a no-answer default at this time." The court took judicial notice of "the entire contents" on file in this case, specifically noting Beard's return of service which was filed on February 28, 2014, and the amended return of service, both reciting that service was made by attaching the citation to the door at 12 Dogwood Trail, Willis, Texas, on February 25, 2014. The court also found that the service of process met the requirements under Rule 118. Trisha also testified at the default judgment hearing about the basis of her request to modify the parent-child relationship.

The court found that Ronald had "failed to file an answer or otherwise appear in this case and has wholly made default." The court further found that the provisions in the proposed order to modify the parent-child relationship were in the best interest of the child, and it approved the requested modification and granted a default judgment, granting the relief requested in the September 2013 Petition to Modify. The Order in Suit to Modify Parent-Child Relationship was signed on March 26, 2014. Appellant filed a notice of appeal on July 27, 2014.

REVIEW OF A RESTRICTED APPEAL

A notice of appeal must be filed within thirty days after the final judgment is

8

signed, except that in a restricted appeal, the notice must be filed within six months after the judgment is signed. *See* Tex. R. App. P. 26.1. Here, Appellant filed his notice of appeal more than thirty days, but less than six months, after the default judgment was signed. Therefore, this is a restricted appeal.

To directly attack the trial court's judgment, a restricted appeal must (1) be brought within six months after the trial court signs the judgment (2) by a party to the suit (3) who did not participate in the actual trial, and (4) the error complained of must be apparent from the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the reporter's record, as they existed in the trial court at the time the default judgment was entered. *See In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.); *Stankiewicz v. Oca*, 991 S.W.2d 308, 311 (Tex. App.—Fort Worth 1999, no pet.).

In a restricted appeal, our review is limited to error that appears on the face of the record. *See Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006). When a default judgment is attacked by a restricted appeal, we do not indulge any presumptions in favor of valid issuance, service, or return of service. *Id.* Strict compliance with the procedural rules governing citation and

return of service must affirmatively appear on the record if the default judgment is to withstand direct attack. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Even proof that the defendant had actual notice will not cure defective service. *See Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007). Whether service strictly complied with the rules is a question of law that we review de novo. *See Furst v. Smith*, 176 S.W.3d 864, 869-70 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

SERVICE OF PROCESS AND RETURN OF SERVICE

In his first issue, Appellant asserts that the service of process was improper and ineffective to give him notice. Appellant argues that the February 28, 2014[3] return of service was defective because (1) "an amended filing supersedes the prior filing"; (2) it failed to state the name of the court, the style of the case, the cause number, and the name of the person served; and (3) Rule 118 permitting an amended return to relate back to the date of the original return requires a motion to amend and an order granting the amendment. Appellant also argues that the March 25, 2014 return of service had not been filed for ten days prior to the court's

---

[3]Appellant characterizes this as the "February 26, 2014" return of service. The clerk's record reflects a First Amended Server's Return was executed on February 26, 2014, and then filed on February 28, 2014. We will reference this document by use of the filing date found in the record. We further note that Appellant and Appellee agree that the First Amended Server's Return was filed with the clerk of court on February 28, 2014.

default judgment rendered at the March 26, 2014 hearing.

When a defendant has not answered, no default judgment shall be granted in any case until proof of service as provided by Rule 107, or Rules 108 or 108a, or as ordered by the court in the event citation is executed by an alternative method under Rule 106, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment. *See* Tex. R. Civ. P. 107(h); *see also Wright Bros. Energy, Inc. v. Krough*, 67 S.W.3d 271, 273 (Tex. App.— Houston [1st Dist.] 2001, no pet.) ("Jurisdiction over a defendant must be established in the record by an affirmative showing of service of citation. . . ."). Lack of proof of proper service constitutes error on the face of the record that defeats the trial court's jurisdiction. *See Hubicki*, 226 S.W.3d at 407; *Primate Constr., Inc.*, 884 S.W.2d at 153.

Rule 106 describes the method of service, and the rule expressly provides in subsection (b) that a court may authorize substituted service:

> [u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>   (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. Proc. 106(b). When substituted or alternative service is made pursuant to Rule 106(b), in order to withstand scrutiny on appeal, such service must have been supported by an affidavit that meets the requirements of Rule 106(b). *See Wilson v. Dunn*, 800 S.W.2d 833, 836-37 (Tex. 1990) (default judgment improper where order for substitute service did not comply with Rule 106(b) because the motion seeking substituted service lacked an affidavit demonstrating the need for something other than personal service); *Christian Bros. Auto. Corp. v. DeCicco*, No. 14-03-000997-CV, 2004 Tex. App. LEXIS 7565 (Tex. App.—Houston [14th Dist.] Aug. 24, 2004, no pet.) (mem. op.) (default judgment improper where the trial court erred in issuing its order authorizing substitute service).

Trisha filed two motions for substituted or alternative service. Both motions included Ronald's home address and an alternate address that she described as "a location he is known to frequent." Trisha filed sworn affidavits in support of each motion. Both motions were also supported by affidavits of Beard, the process server, reciting the details of her unsuccessful attempts to serve Ronald personally. The trial court's first order pertained to the first Motion for Alternative Service and authorized the process server to deliver "to anyone over the age of 16" at the

12

Dogwood Trail address in Willis, Texas, which the court stated is "a location he is known to frequent." The trial court's Second Order On Motion for Alternative Service authorized service by affixing the citation to the gate at Ronald's home address or by affixing the citation to the door of the home at 12 Dogwood Trail in Willis, Texas. *See* Tex. R. Civ. P. 106(b). On February 25, 2014, the clerk of court issued another citation. That citation was then served by a private process server upon Ronald pursuant to the Second Order On Motion for Alternative Service. More specifically, according to the Server's Return, Beard affixed the citation to the door of Ronald's girlfriend's home located at 12 Dogwood Trail.

Under Rule 107, "[w]here [a] citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." Tex. R. Civ. P. 107(f). Appellant argues the return of service filed with the clerk of court on February 28, 2014, was defective for failing to give the style of the case, the name of the court, and the name of the person served. But Rule 107, by its express terms, provides that the officer's return and the information required by Rule 107 may be included not only on the return, but on "any document to which it is attached[.]" Tex. R. Civ. P. 107(b). Here, the citation provided the cause number, "04-04-02463"; the name of the court, "418th Judicial District Court Montgomery County, Texas"; and stated the case name as "TRISHA

KAY LAVERGNE VS RONALD PAUL BRIMBERRY JR."[4] The Server's Return attached to the copy of the citation also provided the causenumber. Beard's amended server's return, filed on March 25, 2014, contains the name, number, style of the case, and the name of the court; and it recites the date, time, location, and manner of service. The March 25th amended Server's Return relates back to and is read together with the Server's Return that was executed on February 26, 2014, and filed on February 28, 2014. *See, e.g.*, *LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 868 (Tex. App.—Fort Worth 2013, no pet.). We conclude that the return filed on February 28, 2014, together with all documents attached thereto, and as amended on March 25, 2014, complies with the requirements of the court's Second Order On Motion for Alternative Service. *See Perez v. Old W. Capital Co.*, 411 S.W.3d 66, 72-73 (Tex. App.—El Paso 2013, no pet.) (service by posting citation to main entry to defendant's residence was proper and complied with the court's order authorizing substituted service); *Sanders v. Sanders*, No. 01-11-

---

[4]We note that in the Original Petition for divorce, the suit was styled "IN THE MATTER OF THE MARRIAGE OF TRISHA KAY LAVERGNE AND RONALD PAUL BRIMBERRY JR. AND IN THE INTEREST OF K[.]J[.]B[.]," bearing Cause No. 04-04-02463-CV. The citations issued by the clerk of court pertaining to the "PETITION TO MODIFY PARENT-CHILD RELATIONSHIP" reference the petition to modify that was filed in Cause No. 04-04-02463-CV on September 26, 2013. That Petition to Modify is actually styled as "In the Interest of K[.]J[.]B[.]"

00010-CV, 2011 Tex. App. LEXIS 8532, at *7 (Tex. App.—Houston [1st Dist.] Oct. 27, 2011, no pet.) (mem. op.) (after failed attempts at regular service of process the trial court authorized alternative or substituted service under Rule 106(b); the trial court's order stating that the process server could tape the citation and petition to the front entrance of the address identified as the defendant's place of abode was reasonably effective to give notice to the defendant of the lawsuit); *Williams v. Grafflin*, No. 11-05-00138-CV, 2006 Tex. App. LEXIS 9699, at **4-5 (Tex. App.—Eastland Nov. 9, 2006, no pet.) (mem. op.) (service by taping citation to the door at defendant's residence was proper because it complied with the trial court's order authorizing substituted service); *Pettigrew*, 1997 Tex. App. LEXIS 4326, at *5 (service by posting citation to defendant's front door complied with Rules 106 and 107 because service was made in the manner ordered by the court); *cf. Ratcliff v. Ratcliff*, No. 09-09-00138-CV, 2010 Tex. App. LEXIS 2133, at **5-6 (Tex. App.—Beaumont Mar. 25, 2010, no pet.) (mem. op.) (trial court ordered substitute service by affixing citation to door of defendant's home; however, service was defective where actually affixed to door at a different location than what the trial court ordered).

Appellant also argues that because "an amended filing supersedes the prior filing[,]" citing to *Denton County Electrical Cooperative, Inc. v. Hackett*, 368

15

S.W.3d 765, 772 (Tex. App.—Fort Worth 2012, pet. denied), the amended return must supplant the original return, and, therefore, it was not on file for the required ten-day period prior to entry of the default judgment. We find appellant's argument unpersuasive. The *Hackett* case is inapposite to the facts before us. *Hackett* cites to the general rule that an amended pleading supersedes an original pleading and does not discuss the relation back of an amended return of service. *Id.* (citing Tex. R. Civ. P. 65 and *Sheerin v. Exxon Corp.*, 923 S.W.2d 52, 55 (Tex. App.—Houston [1st Dist.] 1995, no writ) (op. on reh'g)). An amended return of service relates back to the original return, and it is governed specifically by Rule 118 of the Texas Rules of Civil Procedure. Appellant also maintains that the March 25th amended return of service does not relate back to the February 28th return of service because "the rule permitting an amended return to relate back to the date of the original return requires a motion to amend the return under Rule of Civil Procedure 118 and an order granting the amendment." Rule 118 provides that

> [a]t any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

Tex. R. Civ. P. 118. The express language of the Rule 118 does not require a party to file a motion to amend a return. *Id.* Rather, the court may allow any process or

16

proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued. *See LEJ Dev. Corp.*, 407 S.W.3d at 866-67 (concluding no error on the face of the record based on lack of notice to defendant before return of service was amended). Appellant cites no authority for the necessity of a motion or an order allowing the return to be amended, nor does he argue he was materially prejudiced. Consequently, we conclude that no separate motion to amend or order granting amendment was required for the March 25th return of service to relate back to the February 28th return of service.

Where, as here, a defendant has not filed an answer, proof of service must be on file for at least ten days before a trial court may grant a default judgment. *See* Tex. R. Civ. P. 107(h). According to the sworn Server's Return filed with the clerk of court on February 28, 2014, Beard served the citation that was issued on February 25, 2014, along with the petition by affixing the citation and petition to the door of the address identified in the court order as defendant's girlfriend's home and "a location he is known to frequent." Beard's amended return of service that was filed on March 25, 2014, further identifies the petition she served as "the Petition to Modify Parent-Child Relationship" and it states that she delivered the Second Order on Motion for Alternative Service. Pursuant to Rule 118, the return

17

of service filed on March 25, 2014, relates back to the return of service filed on February 28, 2014. Therefore, the applicable return of service was on file for more than ten days prior to the court's order granting the default judgment. We overrule Appellant's first issue.[5]

## APPOINTMENT OF AN ATTORNEY AD-LITEM

In his second issue, Appellant argues that because Appellee relied on service of citation by substituted service, and because "Rule 244 was applicable by virtue of Rule 109a[,]" the trial court was required to appoint an attorney ad-litem to represent him at the default judgment proceeding. Citing to *Albin v. Tyler Production Credit Association*, 618 S.W.2d 96 (Tex. Civ. App.—Tyler 1981, no writ), Appellant argues that the entry of the default judgment is reversible error because the court failed to appoint him counsel.[6]

Rule 244 requires an attorney to be appointed to represent a person who is served by publication (or by other means pursuant to Rule 109a) and who has not

---

[5]Because we conclude that the return of service filed March 25, 2014, relates back to the return of service filed on February 28, 2014, and that a return of service was on file for more than ten days prior to the court's order granting default judgment, we need not address whether prior service was sufficient. *See* Tex. R. App. P. 47.1.

[6]In *Albin*, the Court of Appeals concluded that the trial court committed reversible error in granting default judgment against a defendant served by publication who had not been appointed counsel pursuant to Rule 244. 618 S.W.2d at 98.

answered or appeared within the prescribed time. *See* Tex. R. Civ. P. 244. Ronald was served under Rule 106(b), and Rule 106(b) does not carry the same requirement for the appointment of an attorney ad-litem. *See* Tex. R. Civ. P. 106(b); *Salinas v. Tex. Dep't of Protective & Regulatory Servs.*, No. 03-04-00065-CV, 2004 Tex. App. LEXIS 7640, at *8 (Tex. App.—Austin Aug. 26, 2004, pet. denied) (mem. op.) (Where defendant was served under Rule 106(b), it was not error to fail to appoint an attorney ad-litem to represent the defendant pursuant to Rule 244.). We overrule Appellant's second issue.

## DUE PROCESS

Appellant also contends that he was denied due process because he received no notice of the court's default judgment hearing held on March 26, 2014. He argues that, although Trisha sought and received permission for the substituted service that was perfected by attaching the citation to the door of his girlfriend's home, no attempt was made to notify Ronald in the same manner of the March 26th default judgment hearing. He also argues that he received a Scheduling Order at his post office box, and that no attempt was made to notify him in the same manner of the March 26th hearing at that address. He argues that such lack of notice of the default judgment hearing denied him the opportunity to appear at the hearing. He cites generally to *Mullane v. Central Hanover Bank & Trust Co.*, 339

19

U.S. 306 (1950) (fundamental due process analysis of notice by publication), and

*Long v. Yurrick*, 319 S.W.3d 944, 948 (Tex. App.—Austin 2010, no pet.) (pertaining to notice of a summary judgment hearing).

Generally, a plaintiff may take a default judgment against a defendant who fails to file an answer. *See* Tex. R. Civ. P. 239. After a defendant is served with the citation and petition, the plaintiff has no legal duty to notify the defendant who has not answered or otherwise appeared before taking a default judgment on the causes of action asserted in the served petition. *See Schoendienst v. Haug*, 399 S.W.3d 313, 316 (Tex. App.—Austin 2013, no pet.); *Wilson v. Wilson*, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Cont'l Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 188-89 (Tex. App.—Dallas 2000, pet. denied). Accordingly, Trisha had no obligation to notify Ronald of the date of the hearing on the default judgment. We conclude that Ronald was not denied due process. *See Wilson*, 132 S.W.3d at 536.

Appellant also argues that Rule 247 of the Texas Rules of Civil Procedure requires that "[n]o cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for good cause upon motion and notice to the opposing party[]" and that he was entitled to rely on this Rule after having received the scheduling order by mail.

However, Rule 245 provides that "[n]oncontested cases may be tried or disposed of at any time whether set [for trial] or not, and may be set at any time for any other time." Tex. R. Civ. P. 245. Because Ronald had not filed an answer and his answer date had passed, the matter was "noncontested." *See Long v. Comm'n for Lawyer Discipline*, No. 14-11-00059-CV, 2012 Tex. App. LEXIS 8916, at **4-6 (Tex. App.—Houston [14th Dist.] Oct. 30, 2012, no pet.) (mem. op.); *Harmon v. Harmon*, 879 S.W.2d 213, 215 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("Since [defendant] did not answer, this was a noncontested case, and [defendant] was vulnerable to a default judgment.") Ronald was not entitled to notice of the default judgment hearing. *See Long*, 2014 Tex. App. LEXIS 8916, at *6. We overrule Appellant's third issue.

CONCLUSION

Appellant failed to meet his burden of showing error on the face of the record. We overrule all of his issues and we affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on January 7, 2015
Opinion Delivered June 25, 2015

Before Kreger, Horton, and Johnson, JJ.

21