

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00187-CV

**R. SCOTT PHELAN,**

                                                                **Appellant**

 **v.**

**H. SCOTT NORVILLE,**

                                                                **Appellee**

### From the 237th District Court
### Lubbock County, Texas
### Trial Court No. 2015-516,400

## MEMORANDUM  OPINION

R. Scott Phelan sought a bill of review to set aside a final judgment against H. Scott

Norville.  The trial court denied the bill of review, and Phelan appeals.  We affirm.

### Background Facts

Phelan was an assistant professor in the Department of Civil Engineering at Texas

Tech University, and Norville was the Chair of the Department of Engineering.  Phelan

brought suit against Norville for assault and defamation.  Texas Tech University was

originally a party defendant, but was dismissed by summary judgment. In November 2012, a jury found that Norville assaulted and libeled Phelan and awarded $590,000 in damages. During the trial, Texas Tech School of Law offered the trial judge who presided over the original lawsuit a position as an adjunct professor at the law school. The judge accepted the offer. In January 2013, the judge granted Norville's motion for judgment N.O.V in part and set aside the jury award of $250,000 for mental anguish.

The case was appealed to the Amarillo Court of Appeals, and the court held oral argument in the courtroom of the Texas Tech School of Law on October 10, 2013. On August 12, 2014, while the case was pending on appeal, all four justices of the Amarillo Court of Appeals signed agreements to be adjunct professors at Texas Tech School of Law. On September 22, 2014, the Amarillo Court of Appeals issued an opinion that rendered judgment that Phelan take nothing on his libel claim. That reduced the damages from $590,000 to $15,000. Texas Tech University paid the judgment on Norville's behalf.

In May of 2015, Phelan learned that Texas Tech School of Law hired the judge and justices as adjunct professors, and Phelan filed the bill of review on June 26, 2015 seeking to set aside the rulings that reduced his recovery. The trial court denied the bill of review, and Phelan appealed to the Amarillo Court of Appeals. The case was transferred to this Court for review.

## Bill of Review

In the first issue, Phelan argues that the trial court erred in denying his bill of review because he proved the three required elements. In the second issue, Phelan contends that the trial court erred in denying his bill of review because he required Phelan to show "conscious" wrongdoing. In the fifth issue, Phelan argues that the trial court erred when it left "undisturbed" the judgment in the prior case.

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). To set aside a judgment by bill of review, a petitioner must ordinarily plead and prove (1) a meritorious claim or defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident, or wrongful act of his opponent, or official mistake, and (3) unmixed with any fault or negligence of his own. *Caldwell v. Barnes*, 154 S.W.3d at 96; *Baker v. Goldsmith*, 582 S.W.2d at 406-7.

In our review of a trial court's ruling on a bill of review, we indulge every presumption in favor of the trial court's determination, and will not disturb it absent an abuse of discretion. *Singh v. Trinity Marketing & Distributing Company, Inc.*, 397 S.W.3d 257, 262 (Tex.App.-El Paso 2013, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, or without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The trial court found that Phelan did not meet the second requirement for a bill of review: that he was prevented from making a meritorious claim by the fraud, accident, or wrongful act of his opponent or by official mistake. Phelan argues on appeal that he showed wrongdoing, or official mistake by providing evidence that the judge and justices were hired by Texas Tech School of Law prior to rendering decisions favorable for Norville. The trial court found that there was "no evidence or other reasonable basis to conclude that the opportunity to supplement income for services rendered over a semester was sufficient to cause these judges to violate their oaths of office." After reviewing the entire record, we agree that Phelan did not establish that he was prevented from making a meritorious claim based upon the wrongdoing or official mistake of the judges. The record does show that the trial judge as well as the appellate justices were hired as adjunct professors by Texas Tech School of Law. However, that evidence alone does not show wrongdoing or official mistake by the judge or justices. There is nothing in the record to suggest that the acceptance of the offer from Texas Tech School of Law to serve as adjunct professors influenced the decisions in the underlying case.

Phelan argues that the trial court imposed an additional standard to require him to show "conscious" wrongdoing in the hiring of the judges. In its findings of fact, the trial court stated "No conscious wrongdoing. Any suggestion of conscious wrongdoing (by the University or by the judges) is emphatically rejected." The trial court further stated in its conclusions of law:

4. Core issues.  Thus the core issues for decision, each being essential to Phelan's bill of review, are:

A.  Should the judges have disclosed their hiring as adjunct professors;

B.  If they had done so, would they have been recused; and

C.  If they had been recused and replaced by other judges, would their replacements have reached different decisions and affirmed all or part of Phelan's libel verdict.

The trial court noted that there was no conscious wrongdoing and discussed what it termed "core issues" in reaching a decision.  However, the record does not show that the trial court required Phelan to show "conscious" wrongdoing, but only that the trial court found that there was no conscious wrongdoing in making his determination that Phelan did not establish that he was prevented from making a meritorious defense based upon the wrongdoing or official mistake of the judge or justices.  The trial court followed the elements set out in *Baker v. Goldsmith* for setting aside a judgment by bill of review, and did not abuse its discretion in denying the bill of review.  We overrule the first and second issues.  Because the trial court did not abuse its discretion in denying the bill of review, the trial court did not err in leaving the judgment "undisturbed" in the prior case.  We overrule the fifth issue.

**Recusal**

In the third issue, Phelan argues that the trial court erred in making findings of fact and conclusions of law that had Phelan learned that Texas Tech School of Law had hired the judge and justices and filed recusal motions, those motions would have been denied.  In the fourth issue, Phelan argues that the trial court erred in denying the bill of

review by concluding there was no basis for disqualifying the judge and justices in the prior case rather than considering whether there was a basis for recusing the judge and justices.

Conclusions of law are reviewed de novo. *Perez v. Old West Capital Company*, 411 S.W.3d 66, 75 (Tex.App.-El Paso 2013, no pet.). The trial court's findings of fact have the same weight as a jury verdict, and we review the legal and factual sufficiency of the evidence as we would a jury's findings. *Perez v. Old West Capital Company*, 411 S.W.3d at 74. If there is more than a scintilla of evidence supporting a finding of fact, we will overrule a legal sufficiency challenge. *Id*. In reviewing a factual sufficiency challenge, we consider all of the evidence and will set aside a finding only if it is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id*.

In its finding of fact, the trial court stated, "While the case was pending in the trial court, if Phelan had learned about the adjunct professorship and filed a recusal motion, that motion would have been denied." The trial court included a footnote that stated:

> Pursuant to Rule 18a, [the trial judge] would have referred the motion to [the Presiding Judge of the Ninth Administrative Judicial Region]. [The Presiding Judge] would have either heard the motion himself or assigned another judge to hear it. A hearing would have been scheduled. In all likelihood, the judge hearing the recusal motion would have denied it; that denial would have been well within the court's broad discretion and would have withstood any appellate challenge. Therefore, [the trial judge] would have remained on the case and would have made the same judgment n.o.v. rulings. (Phelan's suggestion that recusal would be mandatory or automatic in these circumstances is respectfully rejected. See Conclusion of Law 5-A.)

In its findings of fact, the trial court noted that Texas Tech University and Texas Tech School of Law were not parties to the underlying case and that it is common for law schools to employ judges as adjunct professors. The trial court further noted that the relationship between Texas Tech University and Norville "does not mean that the Law School officials that hired the judge and justices as adjunct professors felt comradeship with anyone else in the system or that it had an interest in the outcome of the case." The trial court further found that the money paid to the judge and justices were not gifts or contributions, but rather payments for services rendered and that neither the status of the judge or justices as adjunct professors would cause them to lean toward Norville. The trial court concluded that there was no basis for disqualifying the judge or justices and that Phelan did not establish that they would have been recused if there had been disclosure.

The Texas Rules of Civil Procedure provide that a judge must recuse in any proceeding in which "the judge's impartiality might reasonably be questioned" or "the judge has a personal bias or prejudice concerning the subject matter or a party." TEX.R.CIV.P. 18b (b) (1) (2). A party seeking recusal must satisfy a "high threshold" before a judge must be recused. *See Liteky v. United States*, 510 U.S. 540, 558, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *Ex parte Ellis*, 275 S.W.3d 109, 116 (Tex.App.-Austin 2008, no pet.). In determining whether recusal is proper the proper inquiry is whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the

judge and the case, would have a reasonable doubt that the judge is actually impartial. *Kniatt v. State*, 239 S.W.3d 910, 915 (Tex.App.--Waco 2007, order).

Texas Tech was not a party to the underlying case, although the record shows that Texas Tech paid the judgment on behalf of Norville. Texas Tech School of Law was not a party to the underlying case and there is nothing in the record to suggest that the employment of the judge or justices as adjunct professors influenced the outcome of the case. The record shows that Texas Tech School of Law had previously hired judges as adjunct professors. We find that the evidence supports the trial court's findings that a recusal motion would have been denied.

The trial court distinguished between recusal and disqualification. The trial court correctly concluded that there was no basis for disqualifying the judge or justices. *See* TEX.R.CIV.P. 18b (a). However, the trial court further set out the procedure for recusal and concluded that Phelan did not establish that the judge or justices would have been recused if there had been disclosure of their employment as adjunct professors. We overrule the third and fourth issues.

**Judicial Ethics**

In the sixth issue, Phelan complains that the trial court erred in failing to find that the judge or justices violated ethical standards by engaging in ex parte communications and by accepting employment from Texas Tech School of Law prior to rendering decisions in the prior case. In the seventh issue, Phelan argues that the trial court erred

in making a finding of fact that there was no evidence to conclude that the judge or justices employment by Texas Tech School of Law was sufficient to cause them to violate their oaths of office.

In setting out the evidence relating to the recusal of the judge and justices, the trial court found that there was "no evidence or other reasonable basis to conclude that the opportunity to supplement income for services rendered over a semester was sufficient to cause these judges to violate their oaths of office." The trial court was not called upon to determine any ethical violations by the judge or justices in determining the bill of review, but rather was determining whether Phelan met his burden to prove: (a) a meritorious claim, (b) which he was prevented from making by the fraud, accident, or wrongful act of the opposite party, or by official mistake, (c) unmixed with any fault or negligence of his own. *Caldwell v. Barnes*, 154 S.W.3d at 96. The trial court's finding was in relation to whether a motion to recuse would have been granted had Phelan known about the employment by Texas Tech School of Law and filed a motion to recuse. As previously stated, the trial court's findings of fact have the same weight as a jury verdict, and we review the legal and factual sufficiency of the evidence as we would a jury's findings. *Perez v. Old West Capital Company*, 411 S.W.3d at 74.

After reviewing all of the evidence, we find that the evidence supports the trial court's finding. The issue of whether the judge or justices violated ethical standards was not before the trial court. We overrule the sixth and seventh issues.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
*(Chief Justice Gray dissenting with note)
Affirmed
Opinion delivered and filed July 26, 2017
[CV06]

*(Chief Justice Gray dissents to the opinion and judgment of the court. A separate opinion will not issue.)

